IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUNO K. MPOY,

   Plaintiff,

v().                                               Civil Action: BAH-22-2149

MONTGOMERY COUNTY, et al.,

   Defendants.

**MEMORANDUM OPINION**

On August 24, 2022, self-represented plaintiff Bruno K. Mpoy ("Mpoy") filed a Complaint alleging that he was assaulted by officers while he was detained at the Clarksburg Correctional Facility in Montgomery County, Maryland. ECF 1. Because the Complaint failed to state a claim, Mpoy was directed to file an amended complaint.[1] ECF 4. Mpoy filed his Amended Complaint on April 25, 2023, after being granted an extension to do so. ECF 10; *see also* ECFs 7, 8.

On May 22, 2023, prior to service being directed, defendant Montgomery County filed a Motion to Dismiss. ECF 16. On May 23, 2023, Mpoy was notified of his right to file a response in opposition to the Motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). ECF 17. After being granted an extension of time to file an opposition response, ECF 18, 23, Mpoy filed a motion titled "Plaintiff's Motion Pursuant to Rule 11(c)(3) and for Extension of Time." ECF 24. Montgomery County filed a response to Mpoy's Motion Pursuant to Rule 11(c)(3), to which Mpoy replied. ECFs 25, 26. Included in Mpoy's reply, is his "Motion to Hold Proceedings in Abeyance Until the Issue of Integrity . . . is Resolved." ECF 26. On August 19, 2024, Mpoy

---

[1] Mpoy was also directed to supplement his Motion to Proceed in Forma Pauperis. ECF 4. Mpoy filed his supplement to the Motion as directed. ECF 11.

filed a Motion to Extend Time and to Appoint Counsel. *See* ECF 27. Mpoy also filed a Motion to Seal Medical Records. *See* ECF 28.

No hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2023). Mpoy's Motion to Proceed in Forma Pauperis, ECF 2, shall be granted. Montgomery County's Motion to Dismiss, ECF 16, shall be granted. Mpoy's Motion Pursuant to Rule 11(c)(3) and for Extension of Time, ECF 24, and Motion to Hold Case in Abeyance, ECF 26, shall be denied.[2] Mpoy's Motion to Extend Time and Appoint Counsel, ECF 27, is granted in part and denied in part. The Court will, however, grant his Motion to Seal, ECF 28, and asks the clerk to continue to keep ECF 27-1 under seal.

Mpoy's Amended Complaint does not state a claim against the remaining defendants for the reasons outlined below. In light of his pro se status, Mpoy will be granted a final opportunity to sufficiently supplement the Amended Complaint with sufficient particularity as to how each individual defendant personally participated in the alleged constitutional violations. He will be required to file the directed supplement within the time provided or risk dismissal of the Complaint without prejudice. No further extensions of time will be granted.

## I.     Montgomery County's Motion to Dismiss

Montgomery County seeks to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 16. Specifically, Montgomery County argues that the Amended Complaint should be dismissed because: 1) Mpoy has not stated a claim under the Americans with Disabilities Act or the Rehabilitation Act because he has not identified

---

[2] In his Motion Pursuant to Rule 11(c)(3), Mpoy argues that Montgomery County's Motion to Dismiss is "replete with irrelevant statements, falsehoods, and what amounts to testimony by their lawyers." ECF 24, at 9. As Mpoy's Motion largely consists of attacks on Montgomery County's Motion to Dismiss, it shall be construed as an opposition response.

his alleged disability or how Montgomery County failed to accommodate his disability, engaged in disparate treatment of him, or failed to train or supervise under the ADA or Rehabilitation Act, ECF 16-1, at 8–9; and 2) Mpoy failed to alleged that any policy, practice, or custom of Montgomery County resulted in the violation of his constitutional rights pursuant to 42 U.S.C. § 1983, *id*. at 15.[3]

After being granted an extension of time to respond to the Motion to Dismiss, Mpoy filed a Motion attacking Montgomery County's summary of the Amended Complaint and arguing that its attorneys should be sanctioned. ECF 24. Mpoy's Motion will be considered as an opposition response to Montgomery County's Motion to Dismiss and denied in all other respects.[4]

### A. Standard of Review

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*,

---

[3] Montgomery County additionally argues that Mpoy's state claims should be dismissed for various reasons. ECF 16-1, at 15–18. These arguments need not be considered as to Defendant Montgomery County as this Court declines to extend supplemental jurisdiction upon the dismissal of the federal claims against Montgomery County.

[4] In addition, Mpoy filed under seal a letter purporting to document his disability. ECFs 19, 20. The intended relevance of the letter is unclear, as it is dated June 29, 2023, and makes no reference to any period of time prior to 2023; the events at issue in the instant Complaint occurred in 2019. *Id*.; *see also* ECF 1.

534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful that Mpoy is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## B. Discussion

Mpoy's initial Complaint alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF 1. As to defendant Montgomery County, Mpoy was advised that his Complaint failed to state a claim because "[i]n suing a municipal government such as Montgomery County under 42 U.S.C. § 1983, a plaintiff must establish not only a constitutional violation by a municipal employee, but also that the violation was caused by a custom, policy, or practice of the municipal government. ECF 4, at 2 (citing *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691, 694 (1978)). Mpoy's Amended Complaint makes no such allegation. At best, Mpoy claims, with no factual support, that Montgomery County "has demonstrated a pattern of depriving inmates of the equal protection of the law and their health and safety." ECF 10, at 35. Mpoy does not state what facts or events constitute such a "pattern." *Id*. He makes no other reference to any policy, custom, or practice. As such, Mpoy's § 1983 claims against Montgomery County must be dismissed for failure to state a claim.

The Amended Complaint makes additional claims against Montgomery County including that it violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. ECF 10, at 22, 26–27. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

5

These statutes generally are construed to impose the same requirements due to the similarity of their language.  *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999).

To establish a violation of Title II of the ADA or the Rehabilitation Act, plaintiffs must show that: (1) they have a disability; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities for which they were otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of the disability.  *See Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502–03 (4th Cir. 2016).  "Discrimination" barred by Title II includes "a failure to make reasonable modifications" that are "necessary" to provide a disabled individual with "full and equal enjoyment" of the facility's services.  *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461 (4th Cir. 2012).

Here, Mpoy fails to allege facts sufficient to state a claim under the ADA or Rehabilitation Act.  The Amended Complaint does not allege what Mpoy's alleged disability is or what benefits he was deprived of because of his disability.  Mpoy alleges that he was deprived of necessary medications, but he does not state what medication he required, for what ailment, or what, if any, harm befell him as a result of not receiving his medication.  More importantly, he does not allege that Montgomery County failed to provide him with medication because of any disability.  Mpoy also states that he was transferred from one facility to another so that his disability could be accommodated, but he still does not explain what disability he had, what accommodations he required, or what accommodations were denied.  There are simply no facts in the Amended Complaint that make plausible that Mpoy was excluded from, or denied the benefits of, any prison services, programs, or activities, or that such exclusion or that any such denial was based on any disability.  The claims as pleaded, therefore, must be dismissed.

Because Mpoy has failed to state a claim against defendant Montgomery County, its Motion to Dismiss will be granted. The federal claims against Montgomery County will be dismissed. Any state claims against Montgomery County will be dismissed without prejudice.[5]

## II.     Individual Defendants

In directing Mpoy to file an Amended Complaint, the Court advised him that his Complaint was subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A(b) for failure to state a claim, because he provided "no information regarding how each of the named correctional staff was engaged in the alleged misconduct." ECF 4, at 3. Mpoy was specifically instructed to "provide additional facts and details about the misconduct by each individual defendant." *Id*.

Mpoy's Amended Complaint names ten individual defendants identified as "employees of Montgomery County who personally carried out the malicious tortious acts giving rise to this civil action." ECF 10, at 10. However, outside the caption, these individuals are not mentioned by name in the 45-page Amended Complaint. *Id*. Mpoy does not explain who these ten individuals are or what actions each of them took or failed to take that violated Mpoy's constitutional rights pursuant to 42 U.S.C. § 1983. As such, he has again failed to state a claim against any of the named individual defendants, and the Amended Complaint is subject to dismissal.

Nevertheless, Mpoy will be granted a final opportunity to supplement the Amended Complaint to identify the individual defendants, describe in detail his particular claims against each individual defendant, and allege sufficient facts to support his claims that each personally violated his constitutional rights. Mpoy is forewarned that failure to sufficiently supplement the

---

[5] "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966).

Amended Complaint in the time provided will result in dismissal of the case. No further extensions will be granted.

### III. Non-Dispositive Motions

#### A. Mpoy's Motion to Proceed in Forma Pauperis

Mpoy filed his Complaint together with a Motion to Proceed in Forma Pauperis. ECF 2. Pursuant to this Court's Order, Mpoy supplemented his Motion with additional information. ECFs 4, 11. As it appears that Mpoy is indigent, the Motion will be granted.

#### B. Mpoy's Motion Pursuant to Rule 11(c)(3) and for Extension of Time

In response to Montgomery County's Motion to Dismiss, ECF 16, Mpoy asks the Court to "issue a show cause order to the defendants' lawyers to show why their 'alternative facts' do not violate Rule 11(b)." ECF 24, at 2. Mpoy objects to the manner in which defendant Montgomery County summarized and restated the allegations in the Complaint, suggesting that Montgomery County made "misrepresentations, false statements and smearing of the Plaintiff," and arguing that "[b]ecause defendants' lawyers' disgraceful twisting of the facts, falsehoods, irrelevant statements, and testimony are an affront to the federal judicial process, justice requires this Honorable Court of Law to intervene." *Id*. at 1, 10. Mpoy's Motion, construed as a Motion for Rule 11 Sanctions, is denied.[6] While Montgomery County's recitation of the Complaint's allegations may include

---

[6] Fed. R. Civ. Proc. 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

some inconsistencies, it is a largely accurate summary of Mpoy's claims and does not violate Rule 11(b).

Mpoy also moves for an extension of time to respond to Montgomery County's Motion to Dismiss. ECF 24. Because Mpoy has been granted a prior extension of time, has not stated any valid reason why additional time is required, and has attacked defendant's Motion to Dismiss via his Motion, the Motion for Extension of Time will be denied.

### C. Mpoy's Motion to Hold Proceedings in Abeyance

In replying to Montgomery County's response to his Motion for Rule 11 Sanctions, Mpoy moves to "hold the proceedings in abeyance until the issue of integrity before this Honorable Court of Law is Resolved." ECF 26. Having found no violation of Rule 11, no basis for sanctions, or any reason to grant the relief requested, the Motion is denied.

---

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Under Fed. R. Civ. Proc. 11(c)(1) this Court may "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Additionally, "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. Proc. 11(c)(4). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*.

### D. Mpoy's Motion to Extend Time and Appoint Counsel and Motion to Seal

The Court next turns to the Motion for Extension of Time and for the Appointment of Counsel. Mpoy submitted medical records under seal as support. The Motion to Seal will be granted because it contains Mpoy's sensitive medical information. However, the Motion for Appointment of Counsel will be denied.

Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances. *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), *aff'd in part, vacated on other grounds,* 686 F. App'x 228 (4th Cir. 2017). Whether exceptional circumstances exist is a fact-specific determination. *See Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)*, abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 162). In *Jenkins*, the Fourth Circuit recently emphasized that in determining whether exceptional circumstances warrant appointment of counsel to a civil litigant, a district court should consider a litigant's carceral status, educational background, legal understanding, mental illness, and ability to access both legal research materials and evidence, as well as whether the case depends on the competing credibility of witnesses, who the pro se litigant would have difficulty cross-examining without the aid of a lawyer. *Id.* at 248–49.

Mpoy argues that he was "sadistically beat[en]" by the Defendants, which caused him temporary and permanent injury. ECF 27, at 1. He alleges that because he is "gravely ill and disabled," he is incapable of self-representation. *Id.* Mr. Mpoy attaches a letter from his

10

cardiologist noting an illness and asking that he "be excused from any work that causes mental stress or requires physical strain" for a year. ECF 27-1, at 1. Mpoy alleges that "his anxiety and depression are attributable to financial hardship and loss of dignity cause by the loss of his employment as a special education teacher and other social factors." *Id.* His doctor also recounts that Mpoy "reports that the legal proceedings associated with the social factors cause him a lot of stress." *Id.*

The Court understands the medical concerns that may make litigation, which is a stressful undertaking even for those in the best of health, more difficult for Mpoy. However, the Court finds that there are no exceptional circumstances here to warrant appointing counsel. As to the factors noted in *Jenkins*, Mpoy is not currently incarcerated. He appears to have some educational background and legal understanding, as evidenced by his tidy submissions and long history litigating cases in federal court. *See, e.g.*, *Mpoy v. Grigsby*, No. 10-26902 (Bankr. Md. filed July 27, 2010); *Mpoy v. District of Columbia Government et al.*, Civ. No. 21-2447-DLF (D.D.C. filed Sept. 13, 2021); *Mpoy v. Montgomery Cnty.*, Civ. No. 23-1927 (D. Md. filed July 18, 2023); *Mpoy v. State of Maryland et al.*, No. 24-1474 (4th Cir. filed May 24, 2024); *Mpoy v. Burst et al.*, No. 24-7120 (D.C. Cir. filed Aug. 19, 2024). Indeed, Mpoy litigated an appeal in the United States Court of Appeal for the Fourth Circuit during the period of time covered by his doctor's note. *See Mpoy v. Maryland*, No. 24-1474, 2024 WL 3465985, at *1 (4th Cir. July 17, 2024). Plaintiff has timely filed numerous documents in this case, all type-written, and thus has not shown that his conditions prevent him from pursuing his case. There is no allegation of mental illness nor an inability to access both legal research materials and evidence. Moreover, the question of cross examination is mooted by the dismissal of his claim. At this stage of the case, Plaintiff's concerns can be accommodated through extensions of time. Plaintiff is also reminded that this Court is

obliged to liberally construe self-represented pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court will, however, afford Mpoy a longer period of time to file the supplement to the Amended Complaint than it typically does, in an effort to accommodate Mpoy's request for an extension of time. The Motion to Extend Time and to Appoint Counsel is therefore granted in part and denied in part.

## IV.   CONCLUSION

For the foregoing reasons, defendant Montgomery County's Motion to Dismiss, ECF 16, is GRANTED. The Complaint is dismissed as to Montgomery County. Mpoy's Motion to Proceed in Forma Pauperis, ECF 2, is GRANTED. Mpoy's Motion Pursuant to Rule 11(c)(3) and for Extension of Time, ECF 24, is DENIED. Mpoy's Motion to Hold Proceedings in Abeyance, ECF 26, is DENIED. Mpoy's Motion to Extend Time or Appoint Counsel, ECF 27, is DENIED. Mpoy's Motion to Seal, ECF 28, is GRANTED. Mpoy shall be required to supplement the Complaint as directed above within 60 days.

A separate Order follows.

Dated: September 4, 2024                              /s/
                                                                      Brendan A. Hurson
                                                                      United States District Judge